

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 19, 1952

Hon. Gordon K. Shearer
Executive Secretary
Texas State Parks Board
Austin, Texas

Opinion No. V-1558

Re: Authority of the Texas
State Parks Board to
lease concessions in
MacKenzie State Park to
the City of Lubbock for
a period of ninety-nine
years.

Dear Sir:

You have requested an opinion upon the following problems:

"(1)  Does Senate Bill 19 amend Article
6070a, insofar as limiting the granting of
concession contracts to one year? . . .

"(2)  If Senate Bill 19 does not amend
Art. 6070a insofar as limiting the period for
the granting of concessions, is there any
other legislation which would prohibit the
granting of a 99 year concessions lease, or
is there any lack of authority on the part
of the State Parks Board to grant a 99 year
concessions lease?"

You further state:

"The reason we desire this opinion is
that we are desirous of entering into a long
term concessions lease with the City of
Lubbock.  However, we do want to know whether
or not we have this authority before we nego-
tiate further with the City of Lubbock."

Article 6070a, V.C.S., as amended in 1941, pro-
vides as follows:

"Section 1.  The State Parks Board is
hereby authorized to operate or grant con-
cessions in State Parks and to operate con-
cessions or make concession contracts for
any causeway, beach drive, or other im-
provements in connection with State Park

sites wherever feasible. The revenue thus earned by the State Parks Board shall, when collected, be placed in the State Treasury. The Board may make such rules and regulations for the carrying out of this Act and the laws of this State relative to State Parks, as it may deem necessary not in conflict with law."

Article 6070e, V.C.S. (Senate Bill 19, Acts 51st Leg., 1st C.S. 1950, ch.17, p.78), contains the following provisions:

"Section 1. Separate facilities shall be furnished in the system of State parks for the white and Negro races, and impartial provision shall be made for both races.

"Sec. 2. The State Parks Board is authorized:

"(a) To make rules and regulations for the use of the State Parks and the facilities therein by the white and Negro races by providing separate parks or separate facilities within the same parks, on such basis as will furnish equal recreational opportunities and at the same time protect and preserve harmony, peace, welfare, and safety of the State and the community;

"(b) To close any park or facility or facilities or areas in the State parks where separate equal facilities for the white and Negro races cannot be furnished, and to reopen them when such facilities are available;

"(c) To lease annually to the highest bidder any park or any portion thereof, or facility therein, when deemed necessary or advisable for protection and upkeep of the property. Such lease shall be previously advertised once a week for four weeks in a daily or weekly newspaper in the county in which the park is located. If the county

has no such newspaper, such advertisement may be run in a similar newspaper in any adjoining county. The Board is authorized to make additional rules for such leasing. The proceeds derived from such lease are hereby appropriated to the State Parks Board to be used for the improvement of the State parks system, and to pay for the expenses of advertising the sale or lease.

"Sec. 3. The fact that the policy of the State in requiring separate park facilities for white and Negro citizens is necessary to preserve the public peace and welfare, and to protect the privileges of both the white and Negro citizens in the use of the State parks; and the further fact that such policy should be set forth by statutory enactment giving additional powers to the State Parks Board to carry out such policy, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended; and said Rule is hereby suspended, and that this Act shall take effect and be in force from and after its passage, and it is so enacted."

Your first question involves the problem of whether the provision in Section 2(c) of Article 6070e, V.C.S., for "annual" leasing of park facilities impliedly repeals Article 6070a, which places no time limitation upon the concession leases made by your Board. This problem is controlled by the following rule of statutory construction announced by the Texas Supreme Court in Winterman v. McDonald, 129 Tex. 275, 283, 102 S.W. 2d 167, 171 (1937):

"Repeal of laws by implication is not favored. 39 Tex.Jur., Section 75, p.140: 59 C.J., Section 510, p. 905. In the absence of an express repeal by statute, where there is no positive repugnancy between the provisions of the old and new statutes, the old and new statutes will each be construed so

> as to give effect, if possible, to both
> statutes. 39 *C.J.* Section 75, p.140."

In thus construing the two provisions, the following
considerations found in 1 Sutherland, <u>Statutory Con-
struction</u> (3rd ed.1943) 454 should be kept in mind:

> "Repealing statutes are subject to
> the general rules of statutory construction
> applicable to all legislative enactments.
> Thus, in determining whether or not a re-
> peal has been effectuated, the environment,
> association and character of the statute
> in its field of operation, the history of
> previous legislation, the legislative his-
> tory of the Act, and the nature of the de-
> fect sought to be remedied by its enactment
> are all important factors to be considered
> by the courts."

In conformance with the above rules of statu-
tory construction, the annual leasing provision in
Article 6070e must be construed as an integral part of
the entire act and therefore as a grant to the Parks
Board of additional power to enable it better to
administrate the segregation policies embodied into
the legislation. The correctness of this result is bol-
stered by the clause, "when deemed necessary or advisable
for protection and upkeep of the property," which follows
the annual leasing provision in Article 6070e, and by
the statement in the emergency clause of Article 6070e
that the act gives "additional powers to the State
Parks Board to carry out such policy."

In answer to your second question, we have
found no legislation or case law which deprives the
Parks Board of authority to lease the concessions in
MacKenzie State Park for a period of ninety-nine years.
Article 8, Section 6, of the Texas Constitution prohi-
bits the making of appropriations for a longer term than
two years, but the contract you contemplate requires no
appropriation. It has been held that an executive
board may contract for as long a term as it desires if
there is no legislation limiting it and if no debt is
created which would bind a future legislature. <u>Charles
Scribners Sons v. Marrs</u>, 114 Tex. 11, 262 S.W. 722 (1924).

A further problem which your proposed transaction raises is whether the ninety-nine year lease you contemplate is actually a sale rather than a lease. Under the following rule stated in 3 Thompson, Real Property (Perm.ed. 1939) 236, it must be held to be a lease, despite its unusually long duration:

> "In the absence of any statute to the contrary, a lease ordinarily may be made for any length of time the parties may wish . . . Leases may at law be for years or life or of perpetual duration. Indeed, they may be made for any period which will not exceed the interest of the grantor in the premises."

This opinion, therefore, in no way passes upon the authority of the State Parks Board to sell concession rights.

You are therefore advised that the State Parks Board has the authority under Article 6070a to lease the concessions in MacKenzie State Park for a period of ninety-nine years, and that this authority is neither repealed by Article 6070e nor restricted by other existing legislation. This opinion is not to be construed as passing upon the question as to the authority of the City of Lubbock under its present charter to operate concessions in a State park.

## SUMMARY

Article 6070a, V.C.S., gives the Texas State Parks Board the authority to lease concessions in MacKenzie State Park for a period of ninety-nine years. This authority is not repealed by Article

6070e (Acts 51st Leg., 1st C.S. 1950, ch.17, p.78) nor restricted by other legislation.

APPROVED:

Jesse P. Luton, Jr.
Land Division

Charles D. Mathews
First Assistant

TB:bt

Yours very truly,

PRICE DANIEL
Attorney General

By Thomas Black

Thomas Black
Assistant